# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

CASE NO. 24-13531

---

HAPPY JOHNSON,

*Plaintiff-Appellant*,

v.

SPALDING COUNTY, GEORGIA,

*Defendant-Appellee*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
HONORABLE TIMOTHY C. BATTEN, SR.
CASE NO. 3:22-CV-00182

---

**APPELLANT HAPPY JOHNSON'S REPLY BRIEF**

---

Eleanor M. Attwood
Georgia Bar No. 514014
LEGARE, ATTWOOD & RAGAN, LLC
125 Clairemont Avenue, Suite 515
Decatur, GA  30030
(470) 823-4000

Counsel for Appellant Happy Johnson

Happy Johnson v. Spalding County, Georgia, 24-13531

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

Pursuant to FRAP 26.1 and Eleventh Circuit Rule 26.1, the undersigned counsel of record verifies that those persons or entities listed below have or may have an interest in the outcome of this case:

Attwood, Eleanor—Counsel for Plaintiff/Appellant

Batten, Sr., Timothy C. – Chief District Judge, United States District Court, Northern District of Georgia, Newnan Division

Cruzer, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP– Counsel for Defendant/Appellee

Johnson, Happy– Plaintiff/Appellant

Jones, Charles Brandon– Counsel for Defendant/Appellee

Keenan, Sean– Counsel for Defendant/Appellee

Legare, Attwood & Ragan, LLC – Counsel for Plaintiff/Appellant

Spalding County, Georgia – Defendant/Appellee

Vineyard, Russell G. – Magistrate Judge, United States District Court, Northern District of Georgia, Newnan Division

C-1

# **TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
　　DISCLOSURE STATEMENT ................................................................. C-1

TABLE OF AUTHORITIES ............................................................................... ii

ARGUMENT ....................................................................................................... 1

　　A. Spalding County Continues to Misunderstand the
　　　　Admissibility of Plaintiff's Evidence and the Lower
　　　　Court Wrongly Excluded Johnson's Testimonial
　　　　Evidence).……………………………………………………….3
　　B. Humphrey's "Lay Off" Remark is Compelling Evidence
　　　　of Discrimination……………………………………….………8
　　C. Johnson Presented Sufficient Evidence of Pretext or Evidence
　　　　From Which a Jury Could Infer Discrimination……………….9

CONCLUSION .................................................................................................. 10

CERTIFICATE OF COMPLIANCE ................................................................. 12

CERTIFICATE OF SERVICE .......................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Bell v. Birmingham Linen Serv.,* 715 F.2d 1552, 1553, 1557 (11th Cir.1983)
……………………………………………………………………………......1

*FTC v. Lanier Law, LLC*, 715 Fed. Appx. 970 (11th Cir. 2017)…………………...5

*Lee v. Russell County Bd. of Educ.*, 684 F.2d 769, (11th Cir.1982)…………………...1

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)….………………..……1

*O'Bryant v. Langford*, 2008 WL 906741 at 8* (N.D. Fla 2008)………………...7, 8

*Smith v. LePage*, 834 F.3d 1285(11th Cir. 2016)………………………………..5, 6

*Thompkins v. Morris Brown Coll.*, 752 F.2d 558 (11th Cir. 1985)………………...1

*Tynes v. Fla. Dept of Juvenile Justice*, No. 21-13245, 2023 U.S. App. LEXIS 32836, at *12-13 (11th Cir. Dec. 12, 2023)………………...........4

*Zaben v. Air Prods. & Chems.*, 129 F.3d 1453, 1455-56 (11th Cir. 1997)……….……………………………………………………………...5

**Statutes & Other Authorities:**

Fed. R. Evid. 801(d)(2)(D) ...................................................................................5

Fed. R. Evid. 805 ...................................................................................................4

# **ARGUMENT**

Johnson's evidence of gender and disability discrimination includes the following statements:

- **"Warden Humphrey was not considering Happy Johnson for the role because of her husband's illness." (Doc. 51-4, ¶7).**

- **"Warden Humphrey wanted a man for the Deputy Warden of Care and Treatment position." (Doc. 51-4, ¶8).**

- **Warden Humphrey said "we needed to lay off of Happy because she had too much going on with her husband being so sick." (Doc. 51-2, ¶11).**

These statements made by disinterested witnesses contemporaneously with the promotion at issue by the decisionmaker, constitute direct evidence of discrimination. As such, no other analysis is required and the case should go to trial. When a plaintiff presents direct evidence of discrimination, she is not obligated to engage in burden-shifting to survive summary judgment. See *Thompkins v. Morris Brown Coll.*, 752 F.2d 558, 563 (11th Cir. 1985); *Bell v. Birmingham Linen Service*, 715 F.2d 1552, 1556 (11th Cir.1983); *Lee v. Russell County Bd. of Educ.*, 684 F.2d 769, 774 (11th Cir.1982). Thus, the lower court should have denied summary judgment and Johnson should have already been afforded a trial. Instead, the lower court flat ignored two of the statements and dismissed the third statement all based on flawed understandings of a plaintiff's burden at summary judgment and the ruler of evidence.

In addition to the third-party witness testimony, Johnson presented other evidence from which a jury could infer that her gender and/or her husband's disability prevented her from being promoted to Deputy Warden of Care and Treatment at SCCI. In broad stroke, Johnson's other compelling evidence is enumerated as follows: 1) Sellers' and Johnson's respective performances while at SCCI; 2) Humphrey's failure to follow County protocols by refusing to call Sellers' prior employers to verify his representations or discover his misrepresentations; 3) accepting the recommendation of the panel because it was the outcome he wanted even though Humphrey knew that basis for the panel's recommendation was flawed; and 4) setting Sellers' ascension in motion from counselor to deputy warden during the call that Granger heard Humphrey say on a phone call.

Despite the large volume of evidence from which a jury could infer discrimination, the lower court fell for Spalding County's summary judgment strategy. Both before the lower court and here, Spalding County dissected Johnson's evidence bit by bit to render it meaningless. In other words, the strategy was to separate and analyze each part of Johnson's evidence, explain it away with opposing facts, and take the court's eye off of the big picture that a jury serving as the rightful factfinder would see. Deconstructing Johnson's evidence in this way is contrary to the law as explained in her original brief and below in her reply. This Court must reverse this grave error and view Johnson's evidence in its totality.

### A.   Spalding County Continues to Misunderstand the Admissibility of Plaintiff's Evidence and the Lower Court Wrongly Excluded Johnson's Testimonial Evidence

When this case goes to trial, this Court's pattern instructions require the trial judge to instruct the jury as follows:

> Ms. Johnson has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Ms. Johnson must prove that, **in light of all the evidence**, what she claims is more likely true than not. So, if you could put the evidence favoring Ms. Johnson and the evidence favoring Spalding County on opposite sides of balancing scales, Ms. Johnson needs to make the scales tip to her side. If Ms. Johnson fails to meet this burden, you must find in favor of Spalding County.
>
> To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. **After considering all the evidence**, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Eleventh Circuit Pattern Civil Jury Instruction 1.1 (emphasis added).  The lower court will command a jury to consider "all the evidence."  It will not command the jury to consider "some of the evidence" or consider "evidence offered by one of the parties but not the other."  Instead, the jury will be commanded to consider all of the evidence and decide whether a fact is more likely true than not.  Certainly, if a jury is required to consider all the evidence, the lower court cannot refuse to do so at summary judgment.  Moreover, as this Court has made very clear in *Tynes v. Florida Dep't of Juv. Just.*, 88 F.4th 939 (11th Cir. 2023) and its progeny, a plaintiff must

3

survive summary judgment when she has presented enough evidence for a reasonable jury to conclude that illegal discrimination occurred. Deviating from these fundamental edicts, the lower court bought into Spalding County's dissection of Johnson's mosaic of persuasive evidence. This Court should not do the same.

Despite Spalding County's flat refusal to contemplate a world wherein double hearsay could be admissible and the lower court's improper rejection of Johnson's testimonial evidence, Federal Rule of Evidence 805 speaks directly to the admissibility of double hearsay. It simply requires that "each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. In other words, if each layer of hearsay could be reduced to admissible form, it cannot be thrown out at summary judgment.

In this case, the first layer of hearsay is what Humphrey said to Perdue. As explained in the initial brief, the first layer of hearsay is admissible because Humphrey denied making discriminatory statements. In short, Humphrey's discriminatory statements constitute admissions of a party opponent as an opposing party's statements are **not** hearsay if "offered against an opposing party" and "**made** by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Statements made by a supervisory official who plays some role in the decision-making process are generally admissible. *See Zaben v. Air Prods. & Chems*., 129 F.3d 1453, 1455-56

4

(11th Cir. 1997) ("Where a supervisor is authorized to speak with subordinates about the employer's employment practices, a subordinate's account of an explanation of the supervisor's understanding regarding the criteria utilized by management in making decisions on hiring, firing, compensation, and the like is admissible against the employer.")  Because Humphrey was unquestionably the supervisor who made the decision to promote Sellers, this evidence at the first level of hearsay could be easily reduced to admissible form.

The second layer of hearsay is what Perdue said to Adams.  Perdue's statements to Adams regarding Humphrey's animus could be admitted at trial. Hearsay statements in an affidavit, for example, may be made admissible by calling the affiant to testify at trial.  *FTC v. Lanier Law, LLC*, 715 Fed. Appx. 970, 978 (11th Cir. 2017).  Perdue could testify at trial that Humphrey made those statements to her or within her earshot.  Perdue was not deposed in discovery, and Defendant did not provide a declaration from Perdue wherein she denied hearing Humphrey make the statements at issue, despite being aware of Adams' testimony about her conversation with Perdue well in advance of the summary judgment briefing deadline.  *See Smith v. LePage*, 834 F.3d 1285, 1286 n.6 (11th Cir. 2016) (noting that because the declarant never offered a contradictory statement it was proper to admit the hearsay evidence as the declarant could testify to the facts at trial).  Thus, the

5

"double hearsay" may not be hearsay at all if Perdue admits at trial to what Adams testified that she said.

Defendant attempts to distinguish *Smith v. LePage* by arguing that "the rule established in <u>Smith</u> is that a hearsay declaration can be reduced to admissible form by calling the declarant to testify at trial where the declaration does not contradict the declarant's testimony that is already in the record... ." (Appellee Brief, 11th Cir. Doc. No. 17, p. 16). That is not the holding of *Smith* and it is certainly not the rule that can be drawn from the holding. In *Smith*, the Eleventh Circuit agreed with the lower court that considered hearsay testimony contained in a declaration at the summary judgment stage because the hearsay evidence could be reduced to admissible form if the purported declarant testified at trial. 834 F.3d at 1296 n.6. That is the "rule" of *Smith* on the issue of hearsay admissibility. Johnson cited *Smith* for that proposition because Adams' hearsay testimony could be reduced to admissible form when Perdue takes the stand.

Despite this primary holding, Spalding County attempts to twist *Smith* to apply to the facts at hand. The attempt fails. In *Smith*, the defendants argued that the hearsay testimony in the declaration should have been excluded from consideration at summary judgment because it contradicted deposition testimony of the original declarant. The Eleventh Circuit rejected the argument as the declarant was not asked about the statement in his deposition and did not offer a contradictory

6

statement during his deposition. 834 F.3d at 1296 n.6. In other words, because the declarant's statement was not contradicted elsewhere in the record, the hearsay was correctly considered at summary judgment. Notably, Defendant did not cite to any testimony by Perdue or Humphrey contradicting Adams' testimony that Humphrey told Perdue that he was not considering Johnson for the Deputy Warden position because of her husband's illness or that he wanted a man in the position. No such testimony was cited because no such testimony exists. Perdue was not deposed and did not provide a declaration. Humphrey was not asked about his statements to Perdue regarding Johnson. Thus, any testimony that could be offered at trial would not contradict previous deposition or declaration testimony.

Spalding County argues further that Adams' declaration should be ignored because she did not have personal knowledge of Humphrey's discriminatory statements. Defendant cites to *O'Bryant v. Langford*, 2008 WL 906741 at 8* (N.D. Fla 2008) for that proposition, but *O'Bryant* is not on point. In *O'Bryant*, the Magistrate's R & R explained that affidavit testimony based upon "information and belief" was insufficient to defeat summary judgment; instead, the testimony must be based on personal knowledge. That is, of course, the right conclusion. A party cannot rely upon a belief of a witness as a fact. Adams did not declare "I believe Warden Humphrey failed to promote Ms. Johnson because she was a woman or because her husband was sick." Rather, Adams declared "When the topic of

7

USCA11 Case: 24-13531     Document: 20     Date Filed: 03/25/2025     Page: 12 of 17
Happy Johnson v. Spalding County, Georgia, 24-13531

[Griffin's] retirement came up, Angie said that Warden Humphrey was not considering Happy Johnson for the role because of her husband's illness. …I also heard Angie say that Warden Humphrey wanted a man for the Deputy Warden of Care and Treatment position." (Doc. 51-4, ¶¶ 7-8). Adams testified about what she heard Perdue say, not what she believed to be true about Humphrey's motivation. Thus, *O'Bryant* does not command the exclusion of Adams' declaration. Moreover, Defendant misses the obvious point that a second layer of hearsay by its very nature is not heard by someone who has direct, personal knowledge of the statement. If the witness had such knowledge, then the evidence would be single hearsay, not double hearsay.

### B. *Humphrey's "Lay Off" Remark is Compelling Evidence of Discrimination*

Johnson explained in her initial brief that Humphrey's statement to Griffin that Defendant needed to "lay off of" Johnson was not a stray remark. Rather, it is compelling evidence of disability association discrimination. In response, Spalding County suggests that Humphrey's comment to "lay off of" Johnson "bares no relation to the promotional decision." (Appellee Brief, 11th Cir. Doc. No. 17, p. 24). That is nonsensical. First, Humphrey's comment was made contemporaneously with Griffin's official announcement of her retirement. (Doc. 51-2, ¶¶ 9-11). Moreover, any reasonable juror could understand that the "lay off of" comment is a widely

accepted colloquialism that Johnson should not be given increased responsibility because of her husband's illness.

### C.     *Johnson Presented Sufficient Evidence of Pretext or Evidence From Which a Jury Could Infer Discrimination*

Spalding County contends in its response brief that Johnson failed to address the fact that Sellers was given a higher score on his interview than Johnson was given. Johnson did address that fact with her own facts that would allow a jury to still infer discrimination once it weighed the facts in dispute. Unfortunately, the lower court usurped the jury's authority, weighed the disputed facts, and granted summary judgment. As Johnson explained in Section D of the Argument Section of her original brief, this Court should reverse the lower court's overreach.

As to the specific point that Sellers scored higher than Johnson, Humphrey knew that the panel's impression of Johnson was flawed. Humphrey spoke with the panelists about the interviews before he notified the County of his selection. (Doc. 46-5, pp. 92:2-16). The panelists relayed to Humphrey that despite how knowledgeable she was regarding care and treatment programs they were concerned that Johnson's answers to their questions focused on how Spalding County operated. (Doc. 46-5, pp. 93:18-98:19). According to Humphrey, the panel would have preferred that Johnson have a greater knowledge of State policies and procedure. (*Id.*). However, a jury could certainly view Johnson's knowledge regarding

9

Spalding County procedures as a plus not a minus since she was working and would be working for Spalding County in the Deputy Warden position.

The lower court also bought into Defendant's strange argument that Johnson's wealth of experience at SCCI was a flaw in her resume and that somehow Sellers' experience in the state system was an advantage. The job at issue was Deputy Warden at SCCI, a Spalding County institution. A jury could hear this illogical argument and reasonably infer it is just pretext for discrimination. In addition to that common-sense inference, a jury could also find that Humphrey's reaction to the panelists' reason provides further evidence that he never intended to promote Johnson. Humphrey knew that when the panelists described their concern about Johnson only referencing Spalding County policy that the County policies and State policies were one in the same. (Doc. 46-5, pp. 93:18-98:19). Even though he knew that the panelists' one criticism of Johnson was based on an incorrect assumption, he recommended Sellers. (*Id*.). This is further evidence that it did not matter what the panel recommended or why, Humphrey was not going to select Johnson for the Deputy Warden role, and jurors could find, the panel's recommendation of Sellers was not the basis of Defendant's decision.

## **CONCLUSION**

This Court should reverse the lower court for all the reasons stated in Johnson's original brief and those stated in this reply.

Happy Johnson v. Spalding County, Georgia, 24-13531

Respectfully submitted this 25th day of March 2025.

                                        **LEGARE, ATTWOOD & RAGAN, LLC**

                      BY:    *s/ Eleanor M. Attwood*
                               Eleanor M. Attwood
                               Georgia Bar No. 514014
                               emattwood@law-llc.com

125 Clairemont Avenue, Suite 515
Decatur, GA  30030
Tel:  470-823-4000
Fax: 470-201-1212
Counsel for Appellant

Happy Johnson v. Spalding County, Georgia, 24-13531

# CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 2,448 words. This brief was prepared with MS Word, Times New Roman, 14-point type.

                **LEGARE, ATTWOOD & RAGAN, LLC**

BY:   *s/ Eleanor M. Attwood*
        Eleanor M. Attwood
        Georgia Bar No. 514014
        emattwood@law-llc.com

125 Clairemont Avenue, Suite 515
Decatur, GA 30030
Tel: 470-823-4000
Fax: 470-201-1212
Counsel for Appellant

Happy Johnson v. Spalding County, Georgia, 24-13531

# CERTIFICATE OF SERVICE

This is to certify that I have this 25th day of March 2025 served copies of **Appellant Happy Johnson's Reply Brief** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sean Keenan	skeenan@cmlawfirm.com
Charles Brandon Jones	cjones@cmlawfirm.com

**LEGARE, ATTWOOD & RAGAN, LLC**

BY:	*s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

125 Clairemont Avenue, Suite 515
Decatur, GA  30030
Tel:  470-823-4000
Fax: 470-201-1212

Counsel for Appellant

13